## CIRCUIT COURT OF FAIRFAX COUNTY

Pender Veterinary Clinic

   v.

Patton, Harris,
Rust & Associates et al.

February 4, 1991

Case No. (Law) 99106

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court upon Pender Veterinary Clinic's Motion for Reconsideration and/or Clarification of this Court's letter ruling of November 27, 1990. For the reasons stated below, the Court affirms its ruling in the November 27, 1990, letter.

### *Count I*

Addressing the Court's reliance on *Sensenbrenner v. Rust, Orling & Neal*, 236 Va. 419, 374 S.E.2d 55 (1988), and *Rotonda Condominium Owners v. Rotonda Associates*, 238 Va. 85, 380 S.E.2d 876 (1989), Pender asserts that, in order sustain the demurrers to Count I, the Court must necessarily have found two things: (1) that no privity existed between Pender and the defendants; and (2) that Pender suffered no damage to its property by reason of the defendant's conduct. Pender is correct in only one of its assertions.

As Pender suggests, in the November 27 ruling, this Court determined that there was no damage to Pender's property. Instead, this Court found that the defendant suffered purely economic damage, for which tort recovery

could not be granted, according to *Sensenbrenner* and *Rotonda*. In making this finding, this Court relied on the many definitions of economic damage set forth in *Sensenbrenner*.[2]

In the November 27 ruling, this Court did not, nor was it required to make a finding that there was no privity between Pender and the defendants, as Pender suggests. *Sensenbrenner* was a case where the Court disallowed recovery for economic damages because there was no contractual agreement between the parties for such recovery. In that case, the Court cited with approval cases from a number of sister states holding that there could be no tort recovery for economic damages and held that in light of that, and in light of the absence of a contractual commitment for such, no recovery could be had in that case.[3]

---

[2] "When a product 'injures itself' because one of its component parts is defective, a purely economic loss results to the owner for which no action in tort will lie." Sensenbrenner, at 424.

"Goods purchases fail to meet some standard of quality." Id. at 423.

"Damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits -- without any claim of personal injury or damage to other property . . . as well as the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold." Id. at 423-24, note 3.

[3] See the following cases cited in Sensenbrenner:

Redarowicz v. Ohlendorf, 92 Ill. 2d 171, 441 N.E.2d 324 (1982) (stating that it is now clear that a plaintiff cannot recover solely for economic losses in tort);

Moorman Mfg. Co. v. National Tank Co., 91 Ill. 2d 69, 435 N.E.2d 443 (1982) (solely economic loss may not be recovered by tort theory, whether it be strict liability or negligence);

Crowder v. Vandendeale, 564 S.W.2d 879, 882 (Mo. 1978) (partially overruled on other grounds not pertinent to this analysis), Sharp Bros. v. American Hoist & Derrick Co., 703 S.W.2d 901 (Mo. 1986) (liability imposed upon a builder for deterioration or loss of bargain resulting from latent structural defects is contractual);

Nastri v. Wood Bros. Homes, Inc., 142 Ariz. 439, 690 P.2d 158 (1984) (explaining that purchasers of a home could sue in both contract and tort for injuries sustained due to the builder's failure to construct the house in a workmanlike manner. However, the available action in contract was limited to defects

In *Rotonda,* decided a year after *Sensenbrenner,* the Court readdressed the issue of recovery for economic damages in tort. In pertinent part, the Court stated as follows:

> The foregoing holding also subsumes the Association's final assignment of error, which asserts that the trial court erred in dismissing its count for "negligent repairs." It is apparent from the motion for judgment and the Association's argument concerning this count, that the Association *sought only to recover damages for the economic losses* associated with the cost of repairing the defects in the common elements. *Such economic losses are not recoverable in tort; they are purely the result of disappointed economic expectations. The law of contracts provides the sole redress for such claims . . . .*
>
> Here, the unit owners and the Developer *bargained for certain standards of quality which allegedly were not met. The unit owners' sole redress lay in actions for reach of their contract of purchase,* or for breach of statutory warranties.

*Id.* at 90.

*Rotonda* was a case where the parties were in privity, and still the Court maintained that the sole redress for economic damages lay in the law of contracts. A full reading of the *Sensenbrenner* decision and the cases cited therein, along with the subsequent decision in *Rotonda* makes it clear that a finding of lack of privity is but *one instance* where a denial of recovery for economic damages is appropriate. More accurately stated, these cases stand for the proposition that economic damages simply are not available in tort. In fact, economic damages are only available to parties in privity where an express or implied covenant

in the structure itself, since such defects render the home less than the purchaser bargained for, whereas the available tort claim was for damage to personal property or personal injury caused by the defective construction).

for such was in the contemplation of the parties when striking their bargain.

As is suggested by Patton, Harris, Rust & Associates in their Opposition to the Motion to Reconsider, the count for negligence in this case is superfluous, since professional standards of conduct are implied in the contracts in this case. *See, Nelson v. Commonwealth*, 235 Va. 228, 368 S.E.2d 239 (1988); *Surf Realty Corp. v. Standing*, 195 Va. 431, 442-43, 78 S.E.2d 901, 907 (1953).

### *Attorney's Fees*

As stated in the November 27th ruling, Pender's claim for attorneys' fees has been denied because Pender has not alleged any facts upon which a claim for attorneys' fees may be based.